IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERELL A. WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Action No. 3:22-cv-112 |
| | ) Judge Stephanie L. Haines |
| ABBIE TATE, WARDEN, BLAIR COUNTY PRISON, | ) Magistrate Judge Keith A. Pesto |
| | ) |
| Respondent. | ) |
| | ) |
| | ) |

## **MEMORANDUM ORDER**

Presently before the Court is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Terell A. Williams ("Petitioner") (ECF No. 4). Petitioner is a state pretrial detainee who is currently incarcerated at Blair County Prison while awaiting trial on felony and misdemeanor charges pending in the Blair County Court of Common Pleas at *Commonwealth v. Williams*, Case No. CP-07-CR-907-2021. According to the public docket, jury selection in that case is scheduled for November 21, 2022. Petitioner is represented in his pending state case by Attorney David L. Beyer, from the Blair County Public Defender's Office.

Petitioner files the instant federal habeas petition under 28 U.S.C. §2241, listing the following issues: "illegal detention, excessive bail, blackmail and harassment [and] Rule 600." Petitioner asserts a Rule 600 violation as he has been in jail for well over a year but has yet to be scheduled for trial. He claims due process violations because he has been denied access to the court, has not been able to receive his full discovery, and has been deprived of his right to prepare a proper defense for his case. He also asserts he has been subject to harassment and "blackmailed multiple times" by his attorney and the District Attorney. Petitioner further references being

previously held on a detainer in Blair County and imprisoned by the Allegheny County Court of Common Pleas on civil contempt charges in 2020 in violation of his constitutional right against double jeopardy. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On August 4, 2022, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 5) recommending that the Petition (ECF No. 4) be denied and further recommending that a certificate of appealability also be denied. Specifically, Magistrate Judge Pesto found that Petitioner was not entitled to federal habeas relief as he failed to demonstrate his claims were properly exhausted in Pennsylvania's appellate court. Petitioner was advised he had fourteen days to file objections to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. On August 18, 2022, Petitioner filed his Objections (ECF No. 7) wherein he appears to assert he properly exhausted his claims and is entitled to federal habeas relief.

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Upon *de novo* review of all documents, pleadings, and filings of record, the Report and Recommendation (ECF No. 5), and Petitioner's Objections (ECF No. 7), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter and overrule Petitioner's Objections (ECF No. 7).

In his Objections (ECF No. 7), Petitioner states that President Judge Elizabeth Doyle of the Court of Common Pleas of Blair County ("Judge Doyle") denied his suppression motion and motion for modification of bail (ECF Nos. 7-1 and 7-2). Petitioner states he requested that his

attorney appeal these decisions to Pennsylvania's Superior Court, but his attorney failed to do so, and Petitioner claims he is now procedurally barred from appealing these rulings under state law. Petitioner states further that he objects to being held on a parole violation from a previous Blair County case, and that in 2020, he was held in Allegheny County Jail on civil contempt charges twice for the same offense, in violation of his due process rights.

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy." *Moore v. De Young*, 515 F.2d 437, 448 (3d Cir. 1975) (citing 28 U.S.C. § 2254 and *Peyton v. Rowe*, 391 U.S. 54 (1967)). While §2254 applies to post-trial challenges, a state criminal defendant seeking relief before a state judgment has been rendered may proceed pursuant to the more general habeas corpus statute, 28 U.S.C. § 2241, in very limited circumstances. *Switzer v. Bishop*, No. 1:21-cv-182, 2021 U.S. Dist. LEXIS 221634, at *4 (W.D. Pa. Nov. 17, 2021). In pertinent part, § 2241 provides that the writ of habeas corpus is available to any pretrial detainee who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This language provides a state criminal defendant with a mechanism to challenge the legality of his pretrial confinement in a federal habeas action by arguing that he should not be in custody because, for example: (1) his upcoming trial will violate his rights under the Double Jeopardy Clause, see, e.g., *United States ex rel. Webb v. Court of Common Pleas*, 516 F.2d 1034 (3d Cir. 1975); (2) he is being deprived of his constitutional right to a speedy trial, see, e.g., *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 492-93 (1973); or, (3) the trial court has unconstitutionally denied or revoked bail, see, e.g., *Atkins v. Michigan*, 644 F.2d 543, 550 (6th Cir. 1981).

However, state pretrial detainees seeking federal habeas relief must first exhaust their state-court remedies. *See Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed

through decisional law ... as to claims brought under 28 U.S.C. § 2241.") (citing *Braden*, 410 U.S. at 490-91 ); *Moore*, 515 F .2d at 442 (no distinction between § 2254 and § 2241 "insofar as the exhaustion requirement is concerned"). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *see also Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) ("Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."). In Pennsylvania, exhaustion of a federal habeas claim requires that the claim be fairly presented at least to the Pennsylvania Superior Court. *Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir.2004), cert. denied, 544 U.S. 1063 (2005). It is the petitioner's burden to demonstrate that he has done so. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

The Court finds Magistrate Judge Pesto correctly determined Petitioner has not met this burden with respect to any of his claims and appropriately recommended the Petition should be denied.[1] In this case, it is clear from the Petition and the public docket sheet in the Court of Common Pleas of Blair County Case No. CP-07-CR-907-2021 that there has been no appeal from any ruling in Blair County to the Pennsylvania Superior Court. Petitioner is currently awaiting trial on felony and misdemeanor charges in state court and has not presented evidence to support

---

[1] Specifically, Magistrate Judge Pesto recommended the Petition should be denied without a certificate of appealability under Rule 4 of the Rules Governing Section 2254 Cases. Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See Bey v. Bechtold*, No. 1:21-cv-472, 2021 U.S. Dist. LEXIS 63827, at *2 (M.D. Pa. Apr. 1, 2021).

his claim that he is procedurally barred from appealing any adverse decision he received or may receive from the state trial court in that case. Petitioner's reference to Judge Doyle's denial of his suppression motion and motion for modification of bail in his pending case, and his contention that his attorney has refused to appeal these decisions, do not show that Petitioner is procedurally barred from presenting these claims to the Pennsylvania Superior Court.

Therefore, to obtain federal habeas review on his claims, Petitioner must establish that "extraordinary circumstances" make it unnecessary for him to satisfy the exhaustion requirement. *See Moore*, 515 F.2d at 446 (finding that only the most extraordinary circumstances will excuse the exhaustion requirement in the pretrial context). The mere assertion of pretrial constitutional claims, even speedy trial claims, generally will not establish extraordinary circumstances, even if there has been a delay of several years. *Molina v. McFadden*, No. 19-6110, 2020 U.S. Dist. LEXIS 77846, at *8 (E.D. Pa. May 1, 2020).

Here, Petitioner fails to assert any extraordinary circumstances that prevent him from exhausting his claims in state court. Nothing in the Petition suggests any type of intentional, bad faith state activity that would constitute an exception to the basic exhaustion requirement. *See Tomaine v. Commonwealth*, No. 20-3991, 2021 U.S. Dist. LEXIS 32046, at *6 (E.D. Pa. Feb. 22, 2021) ("We are cautioned by our Court of Appeals relief under section 2241 'should not be construed as authorizing pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'") (quoting *Moore*, 515 F.2d at 445-46). Accordingly, this Court declines to exercise jurisdiction over Petitioner's federal habeas claims. *See Reese v. Warden Phila. FDC*, 904 F.3d 244 (3d Cir. 2018) ("[c]ourts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial.").

As to Petitioner's contentions relating to his detainer issue and 2020 imprisonment on civil

5

contempt charges, the Court agrees with Magistrate Judge Pesto's determination that Petitioner failed to provide any evidence or explanation relating to these two matters that would raise a discernable federal habeas claim, let alone entitle him to federal habeas relief. Further, Magistrate Judge Pesto also correctly determined that a certificate of appealability should not be issued. Given Petitioner's failure to exhaust his claims, the Court does not find jurists of reason could disagree with the above reasoning in denying the Petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, the following Order is entered:

### ORDER

AND NOW, this 8th day of November, 2022, IT IS ORDERED that the Petition for a Writ of Habeas Corpus (ECF No. 4) hereby is DENIED [2]; and,

IT FURTHER IS ORDERED that a certificate of appealability likewise is DENIED as Petitioner has failed to make a substantial showing of the denial of a constitutional right or to show that reasonable jurists would find the Court's assessment of his constitutional claim debatable or wrong. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); and,

IT IS FURTHER ORDERED that Petitioner's Objections (ECF No. 7) are overruled; and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 5) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

/s/ Stephanie L. Haines
Stephanie L. Haines
United States District Judge

---

[2] Such denial is without prejudice to Petitioner seeking habeas relief if warranted after exhausting his claims through state court.